## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JUNYU YOU,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
SF-0353-17-0571-I-1

DATE: February 20, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Eddie Reyna</u>, Millbrae, California, for the appellant.

<u>Deborah C. Winslow</u>, Esquire, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant is a Supervisor of Customer Services at the agency's Mendell Carrier Annex in San Francisco, California. Initial Appeal File (IAF), Tab 5 at 32. On June 9, 2017, he injured his back while lifting a parcel, and on June 14, 2017, he submitted a Form CA-1 (Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation) notifying the agency of his injury. *Id.* at 44-46. He also submitted a letter from his treating physician, who indicated that the appellant was unable to work as of June 10, 2017, but could return to work on an unspecified date. *Id.* at 31. The agency controverted the appellant's claimed injury, but the Office of Workers' Compensation Programs (OWCP) ultimately accepted his claim for "sprain of ligaments of lumbar spine, initial encounter." *Id.* at 15-16, 35.

Meanwhile, on June 15, 2017, the appellant submitted a Form CA-17 (Duty Status Report) advising the agency of his limitations. *Id.* at 38. The report indicated that the appellant could return to work as of June 15 with the following limitations: no climbing, kneeling, bending/stooping, or twisting; intermittent lifting of 10 pounds for 2 hours daily; and 2 hours daily of sitting, standing, walking, pushing/pulling, simple grasping, and fine manipulation (including keyboarding). The report also called for icing 5 times per day, modified work and medication, and back support. *Id.*

That same day, the appellant's manager prepared an Offer of Modified Assignment (Limited Duty). *Id.* at 30. The duties of the modified assignment were listed as supervising carriers (8 hours intermittent) and lifting/twisting/fine manipulation (8 hours intermittent, weight limit unspecified). *Id.* The physical requirements were listed as sitting, standing, walking, and pushing/pulling, each for 2 hours intermittent. *Id.* The appellant did not return to duty at that time and was charged with absence without leave (AWOL) beginning June 15, 2017. *Id.* at 106. On June 19, 2017, he contacted Human Resources employees, requesting assistance in having the job offer mailed to him. *Id.* at 29.

On June 27, 2017, the appellant submitted a new CA-17 with the following limitations: no climbing, kneeling, bending/stooping, or twisting; intermittent and alternate lifting of 10 pounds or less; sitting, standing, and walking for 1 hour per day; and 2 hours of pushing/pulling, simple grasping, and fine manipulation. *Id.* at 39. The report also called for icing 3 times daily, physical therapy twice a day for 3 weeks, and use of a back support. *Id.* That same day, the appellant was presented with another modified duty job offer, with duties listed as "do ECC/correct clock ring errors/answer phones" for 4 hours intermittent.[2] *Id.* at 24. The physical requirements were listed as sitting, walking, standing, and lifting (no more than 10 pounds), each for 1 hour intermittent. *Id.*

By letter dated July 5, 2017, the appellant's manager informed him that he had been instructed to report to work since June 15, 2017, per his doctor's instructions, and that he was still on AWOL. IAF, Tab 1 at 7. She sent the appellant copies of the job offers from June 15 and June 27, with instructions to sign and return them immediately. *Id.* On July 6, 2017, the appellant acknowledged receipt of the June 27 offer and declined it, stating: "[T]he job offer is not within my medical restrictions. Does not specify in detail the duties to be performed and fails to show what restrictions the job offer is based on." *Id.* The appellant did not return to duty and remained in AWOL status. *Id.* at 106.

On July 7, 2017, the agency issued another modified duty offer for 3 hours of work, performing tasks such as ECC, correcting clock ring errors, answering telephones, and overtime administration. *Id.* at 22. The physical requirements were listed as 1 hour each of intermittent lifting/carrying up to 10 pounds, sitting, and standing/walking. *Id.* On July 14, 2017, the appellant accepted the offer "under protest," stating that "the job duties are not within my sitting, bending,

---

[2] The record does not indicate what "do[ing] ECC" entails, but it may refer to "Enterprise Customer Care." Postal Customers may report concerns via computer through the ECC application process on USPS.com or by calling the Customer Care Center and speaking with an agent. *See* http://about.usps.com/who-we-are/financials/annual-reports/fy2017.pdf at 14, 16-18 (last visited on Feb. 20, 2024).

stooping, and twisting medical restrictions." *Id.* The appellant again did not report to duty. *Id.* at 106.

On July 13, 2017, the appellant filed an appeal with the Board alleging that he was denied restoration. IAF, Tab 1 at 2. He also indicated on the appeal form that he was contesting his placement in AWOL status and a "reduction in grade, pay, or band." *Id.* In the acknowledgment order, the administrative judge advised the appellant of the jurisdictional standard for partial restoration appeals but did not address the appellant's other claims. IAF, Tab 2. Nonetheless, the appellant asserted in his response that the agency had imposed a constructive suspension and reduction in pay. IAF, Tab 6 at 2. On August 25, 2017, the administrative judge issued a summary of the status conference held the previous day. IAF, Tab 9. The summary did not mention any issues other than the alleged denial of restoration but did not specifically state that other issues were excluded. IAF, Tab 9.

On November 8, 2017, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction based on the written record. IAF, Tab 12, Initial Decision (ID). In dismissing the appeal, the administrative judge found that the Board lacked jurisdiction over the appeal under 5 C.F.R. § 353.304(c) because the appellant did not make a nonfrivolous allegation that he was denied restoration. ID at 8-9. The administrative judge also addressed for the first time the appellant's claims that he had been improperly charged with AWOL, constructively suspended, and reduced in grade or pay but found he had not established jurisdiction over those matters. ID at 9-11.

On petition for review, the appellant objects that the administrative judge incorrectly attributed certain actions to the physician who wrote the June 14, 2017 letter and that it was another treating physician who prepared the June 15, 2017 CA-17 and met with him again on June 27, 2017. Petition for Review (PFR) File, Tab 1 at 1. He again asserts that neither the June 15 nor the June 27 offer was within his medical restrictions and claims that the agency improperly denied him

continuation of pay (COP) during the period from June 10 to July 13, 2017. *Id.* at 1, 3. He contends the agency's actions were contrary to a November 13, 2017 letter from the Department of Labor and part of a calculated effort to constructively suspend him during the COP period. *Id.*

The agency filed a response to the appellant's petition. PFR File, Tab 3. In his timely filed reply to the agency's response, the appellant provides a copy of a November 13, 2017 letter from OWCP, which states that the June 15, 2017 limited-duty offer "cannot be enforced as written" because it "does not specify a weight limit in specific pounds as to lifting and twisting," as required by the CA-17 issued on that date. PFR File, Tab 4 at 4.

## ANALYSIS

<u>The appellant has made a nonfrivolous allegation that he was denied restoration for a period beginning June 15, 2017</u>.

The Federal Employees' Compensation Act provides, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016); *see* 5 U.S.C. § 8151(b). Congress has granted the Office of Personnel Management (OPM) the authority to issue regulations governing employing agencies' obligations in this regard. 5 U.S.C. § 8151(b). Pursuant to that authority, OPM has issued regulations requiring agencies to make certain efforts toward restoring employees with compensable injuries to duty, depending on the timing and extent of their recovery. 5 C.F.R. § 353.301; *see Smith v. U.S. Postal Service*, 81 M.S.P.R. 92, ¶ 6 (1999).

The regulation at 5 C.F.R. § 353.301(d) concerns the restoration rights granted to "partially recovered" employees, defined in 5 C.F.R. § 353.102 as injured employees who, "though not ready to resume the full range" of their regular duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." Section 353.301(d) further requires agencies to "make every effort to restore in the local

commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." This means, "[a]t a minimum," treating individuals who have partially recovered from a compensable injury substantially the same as other disabled individuals under the Rehabilitation Act of 1973, as amended. *Id.*; *see* 29 U.S.C. § 791. The Board has interpreted the regulation to require that an agency must at least search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider him for any such vacancies. *Sanchez v. U.S. Postal Service*, 114 M.S.P.R. 345, ¶ 12 (2010).

Although 5 U.S.C. § 8151 does not itself provide for a right to appeal to the Board, the regulation at 5 C.F.R. § 353.304 provides Board appeal rights to individuals affected by restoration decisions under 5 C.F.R. § 353.301. The regulation provides that a partially recovered employee "may appeal to [the Board] for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration." 5 C.F.R. § 353.304(c). The Board's own regulations in turn provide that, to establish jurisdiction over an appeal arising under 5 C.F.R. § 353.304, an appellant must make nonfrivolous allegations regarding to the substantive jurisdictional elements. 5 C.F.R. § 1201.57(a)(4), (b). Accordingly, to establish Board jurisdiction over an appeal arising under 5 C.F.R. § 353.304, an appellant must make nonfrivolous allegations that (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious. *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 12 (2016).

The administrative judge found that the appellant met his burden regarding the first two jurisdictional elements but failed to make a nonfrivolous allegation that he was denied restoration. ID at 8-10. As noted above, however, the

appellant has submitted a November 13, 2017 letter from OWCP, which determined that the agency's June 15, 2017 limited-duty offer did not conform to the physical restrictions set forth in the CA-17 submitted on that date. PFR File, Tab 4 at 4. In light of that new evidence, we find the appellant has made a nonfrivolous allegation that the agency denied his restoration for a period beginning June 15 and continuing until at least June 27, 2015, when the agency issued its second modified duty offer. Thus, the third jurisdictional element has been satisfied.

We therefore proceed to the question of whether the appellant has established the fourth jurisdictional element by making a nonfrivolous allegation that the denial of restoration was arbitrary and capricious. Since the issuance of the initial decision, the Board has clarified that, for purposes of establishing jurisdiction under 5 C.F.R. § 353.304(c), a denial of restoration is arbitrary and capricious if and only if the agency failed to meet the minimum requirement of 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider him for any such vacancies. *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 (overruling *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012)). The parties have not as yet had the opportunity to present evidence and argument as to whether the agency complied with its obligations under 5 C.F.R. § 353.301(d). Accordingly, we vacate the initial decision and remand the case for further development of the record on this issue.

The Board lacks jurisdiction over the appellant's remaining claims.

As noted above, the appellant has argued that the agency subjected him to a constructive suspension. However, the Board has held that when an agency fails to assign work to a partially recovered employee, thus requiring his absence from work, the employee may not contest the agency's actions as a suspension because his rights and remedies are subsumed in the restoration appeal process. *Bohannon v. U.S. Postal Service*, 115 M.S.P.R. 629, ¶ 11 (2011); *Kinglee v. U.S.*

*Postal Service*, 114 M.S.P.R. 473, ¶¶ 19-22 (2010).  Hence, we lack jurisdiction over the appellant's constructive suspension claim.

We also lack jurisdiction to consider the appellant's challenge to his placement on AWOL.  It is well settled that placement on AWOL is not itself an action appealable to the Board.  *Rose v. Department of Defense*, 118 M.S.P.R. 302, ¶ 14 (2012).  Moreover, there is no evidence to support the appellant's suggestion that his placement in an AWOL status resulted in an appealable reduction in grade or pay.  Accordingly, the proceedings on remand will be limited to the appellant's claim that the agency denied him restoration in violation of 5 C.F.R. § 353.301(d).[3]

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

[3] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.